DECISION AND JOURNAL ENTRY
Defendant, Michael Davie, appeals an order of the Summit County Court of Common Pleas that denied his petition for postconviction relief.[1]
We affirm.
On April 5, 1993, Defendant entered a plea of no contest to one count of attempted murder, in violation of R.C. 2923.02, with a firearm specification; one count of felonious assault, in violation of R.C.2903.11(A)(1); two counts of aggravated robbery, in violation of R.C.2911.01(A)(1); five counts of aggravated burglary, in violation of R.C.2911.11(A)(3). The Summit County Court of Common Pleas sentenced him accordingly. Defendant timely appealed and this Court affirmed the trial court. State v. Davie (Feb. 23, 1994), Summit App. No. 16252, unreported.
Defendant filed a petition for postconviction relief under R.C. 2953.21
on April 4, 1996. On July 11, 1996, Defendant amended his petition and added a third claim for relief. On December 12, 1996, Defendant moved for leave to amend his petition a second time. The trial court denied his leave to amend on December 31, 1996, holding that Defendant's amended petition was filed after September 21, 1996, so it was actually an attempt to circumvent the time limits for filing a petition for postconviction relief pursuant to R.C. 2953.21(F). Then on January 21, 1997, the trial court denied Defendant's petition for postconviction relief.
Defendant timely appealed and this Court affirmed in part, reversed in part, finding that (1) the trial court had failed to issue adequate findings of fact and conclusions of law regarding Defendant's third claim for relief and remanding on that issue, and (2) Defendant's motion for leave to amend was not an attempt to circumvent the time limits of R.C. 2353.21(F), but that the denial of the motion was not improper because Defendant had not indicated what was to be amended. State v. Davie
(Mar. 10, 1999), Summit App. No. 19088, unreported.
On June 7, 1999, Defendant filed a second petition for postconviction relief. The trial court denied Defendant's second petition on December 16, 1999. Defendant appeals, raising three assignments of error. However, this Court does not have to address the assignments of error, because the trial court was barred from entertaining Defendant's petition.
In State v. Fuller (Apr. 30, 1997), Lorain App. No. 96CA006626, unreported, we said:
 Since September 21, 1995, Section 2953.23(A) of the Ohio Revised Code has permitted the trial court to entertain a second or successive petition for post-conviction relief only if it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty * * * but for constitutional error at trial.
 Id. at 2-3. This is Defendant's second petition for postconviction relief. Defendant has not demonstrated that he meets any of the criteria set forth above. Therefore, the trial court was precluded from considering this second petition. Defendant's assignments of error must be overruled.
Defendant's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BATCHELDER, P. J. SLABY, J. WHITMORE, J. CONCUR
[1] Although Defendant styled his motion to withdraw a no-contest plea as governed by Crim.R. 32.1, his motion was, in essence, a petition for postconviction relief. See State v. Deitz (Apr. 12, 2000), Summit App. No. 99CA007459, unreported, at 2.